NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIE EDWARDS, JR., | : | |
| | : | |
| Plaintiff, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BAY STATE MILLING COMPANY, | : | Civil Action 2:10-cv-5309 (DMC) (JAD) |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion to dismiss filed by Defendant Bay State Milling Company (hereinafter, "Defendant") on December 9th, 2011 (ECF No. 16). Plaintiff Willie Edwards, Jr. (hereinafter, "Plaintiff") filed pro se. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. For the reasons stated below, Defendant's motion to dismiss is **granted**.

I.   **BACKGROUND**[1]

Plaintiff initially applied to proceed in forma pauperis in this matter (Pl.'s Appl., July 1, 2011, ECF No. 7). Plaintiff then submitted the $350.00 filing fee on August 1, 2011. Summons issued as to Defendant Bay State Milling Company on September 13, 2011 (ECF No. 12). Three months later the instant motion to dismiss was filed by Defendant.

Plaintiff's complaint alleges Title VII violations, codified at 42 U.S.C. §§ 2000e through

---

[1] The facts set-forth in this Opinion are taken from the parties' statements in their respective pleadings.

2000e-4, as well as violations of the Age Discrimination in Employment Act (hereinafter, "ADEA"), codified at 29 U.S.C. § 623 (Pl.'s Compl. 1, Oct. 6, 2010, ECF No. 1). Plaintiff is an African-American male born on July 11th, 1946. Id. at 3. Plaintiff claims that Defendant discriminated by establishing unequal terms and conditions of his employment and thereafter, by terminating him. Id. at 2. Defendant states Plaintiff was terminated on February 17, 2009. (Def.'s Supp. Br. 1, Dec. 9, 2011, ECF No. 16). Plaintiff complains of acts allegedly occurring over the course of three years. Pl.'s Compl. 3. Plaintiff states more specifically that Defendant engaged in race discrimination by subjecting only African-Americans to drug testing. Id. Plaintiff further avers that his Union, not a named Defendant in this matter, "failed to protect [his] job" and failed to "inform [him] that [he] was discharged." Id. Plaintiff fails to explain, or further define, the foregoing conclusions in the papers filed before this Court.

Plaintiff affirms that he "filed a charge with the Equal Employment Opportunity Commission [(hereinafter, "EEOC")] or [his] Equal Employment Opportunity Counselor regarding Defendant's alleged discriminatory conduct on August 2, 2010." Id. Plaintiff omitted to state whether the EEOC issued a Notice of Right to Sue letter in his complaint. Pl.'s Compl. 4. Defendant states that Plaintiff received a Right to Sue letter on December 31, 2009. Def.'s Supp. Br. 4. Plaintiff seeks $250,000 in damages from Defendant for what he characterizes as "discrimination, harrassment [sic] and pain and suffering." Id. at 3.

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss, it is well-established that a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." M & M Stone Co. v. Pa., 388 Fed.Appx. 156, 162 (3d

Cir. 2010).  In deciding a motion to dismiss, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).  Instead, when their truth is assumed, those factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.  To survive a motion to dismiss, the complaint must state a plausible claim.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Court must apply a more liberal standard of review to claims presented by a Plaintiff filing pro se.  Haines v. Kerner, 404 U.S. 519, 520 (1972); see also United States ex. rel Montgomery v. Brierley, 414 F.2d 552 (3d Cir. 1969).  Indeed, the Third Circuit has advised that a petition made without the benefit of counsel must be read with a measure of tolerance.  Wade v. Yeager, 377 F.2d 841, 846 (3d Cir. 1967).

**III.    DISCUSSION**

Defendant contends in the motion to dismiss that Plaintiff's Title VII claim is untimely and his ADEA claim must be dismissed for failure to exhaust administrative remedies.  Def.'s Supp. Br. 1.  Before bringing a Title VII claim or a claim under the ADEA, Plaintiff is required to exhaust the administrative remedies available to him.  This Court will review the facts of Plaintiff's case against the timeliness and exhaustion requirements of each statute.

Pursuant to Title VII, a complaint must be filed in federal Court within ninety days of a Plaintiff's receipt of a Notice of Right to Sue letter from the EEOC.  See Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001); see also Zipes v. Trans

3

World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding the timely filing of administrative charge is analogous to a statute of limitations).  Plaintiff received a Notice of Right to Sue on December 31, 2009 after filing his charge on May 18th of the same year.  Def.'s Supp. Br. 2.  Plaintiff commenced the instant action on October 6th, 2010.  Id.  Plaintiff failed to commence this action within ninety days of his receipt of the Notice of Right to Sue letter from the EEOC.  Id.  To fall within the period to file Plaintiff would have had to commence the action on or before April 6, 2010.  Id.  Plaintiff did not commence this action until October 6, 2010.  Id.  Such untimeliness is fatal to Plaintiff's cause of action under Title VII because, as such, Plaintiff has failed to exhaust his administrative remedies.

Pursuant to the ADEA, Plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act.  Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000).  Filing in the EEOC commences the process of seeking administrative remedy for an alleged violation under the ADEA.  Plaintiff presents no evidence of filing his ADEA claim with the EEOC within 300 days of an alleged discriminatory act.  Plaintiff must exhaust the administrative remedies available to him before filing in federal court and may not circumvent the administrative process by filing an unexhausted claim here.[2]

Plaintiff's claims regarding discrimination are conclusory and he provides no factual basis for the same.  Plaintiff contends that he was discriminated against based on his race, however, in support he solely mentions that African-Americans were the only group subjected to

---

[2]Plaintiff appears pro se.  Although this Court must apply a more liberal standard of review to Plaintiff's claims, the requirement remains with equal force and has been applied to both pro se Plaintiffs and those represented by counsel alike.  McCullough v. Trenton Bd. of Educ., No. 07-cv-5341, 2010 U.S. Dist. LEXIS 18683, at *9 (D.N.J. Mar. 2, 2010).

drug testing. Plaintiff omits to provide any supporting or additional facts. Plaintiff does not assert any specific instances of discrimination that this Court could even presume are directly related to his age. The complaint supplies almost no factual background for Plaintiff's claims.

Defendant provides proof of the untimeliness of Plaintiff's Title VII claim and Plaintiff's failure to exhaust the administrative remedies available to him. Such proof defends against Plaintiff's Title VII and ADEA claims. Additionally, Plaintiff failed to provide enough detail to support his conclusory allegations of discrimination to raise his assertion of a right to relief above a speculative level. As such, Plaintiff's claims must be dismissed.

### V. CONCLUSION

Based on the foregoing, and for the reasons herein expressed, Defendant's motion to dismiss is **granted**. An appropriate Order, filed this day, accompanies this Opinion.

                        s/ Dennis M. Cavanaugh
                        Dennis M. Cavanaugh, U.S.D.J.

Date: July 30th, 2012
Orig.: Clerk
cc: All Counsel of Record
      Joseph A. Dickson, U.S.M.J.